UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERNANDO GASTELUM,

Plaintiff,

v.

EASINESS LP,

Defendant.

Case No. 1:22-cv-00166-DAD-BAK (EPG)

ORDER REQUIRING SUPPLEMENT TO REQUEST FOR ENTRY OF DEFAULT

(ECF No. 9)

Plaintiff Fernando Gastelum, proceeding *pro se*, filed a complaint alleging violations of the Americans with Disabilities Act, and other laws, on February 8, 2022. (ECF No. 1). Generally, Plaintiff asserts that he visited a DoubleTree by Hilton in Bakersfield, California on July 1, 2022. (*Id.* at 1). This business is purportedly owned or operated by Defendant Easiness LP. (Id.). While at the DoubleTree, Plaintiff discovered that the premises were uncompliant with various laws. (*Id.*). Plaintiff seeks monetary damages, costs, and an order directing Defendant to comply with applicable laws. (*Id.* at 2-3).

Defendant has not answered or appeared in this case, and Plaintiff has since requested a Clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF No. 9). Plaintiff relies, in part, on a return of service filed May 10, 2022, which contains the declaration of a process server that "John Juarez, manager in charge," was served with the complaint and summons on May 5, 2022. (ECF No. 7) (capitalization omitted). The Court addressed the request for a Clerk's entry of default at a status conference on June 30, 2022. (*See* ECF No. 10). The Court noted that it

would permit Plaintiff to supplement his request for default and would issue a written order memorializing what was discussed regarding the supplement following the status conference. Accordingly, the Court issues this order.

Rule 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and *that failure is shown by affidavit or otherwise*, the clerk must enter the party's default." (Emphasis added). As an initial matter, Plaintiff should supplement his entry of default by filing his own affidavit explaining how Defendant was served and how Defendant has failed to respond to the complaint. An affidavit is "a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." *Bronick v. State Farm Mut. Auto. Ins. Co.*, No. CV-11-01442-PHX-JAT, 2013 WL 2390251, at *2 (D. Ariz. May 30, 2013) (citation omitted).

As an alternative to an affidavit sworn before an officer, Plaintiff may submit an unsworn declaration. *See* 28 U.S.C. § 1746 (permitting unsworn declaration in lieu of affidavit that is otherwise required by "any rule, regulation, order, or requirement made pursuant to law"). If the declaration is executed within the United States, it must substantially follow this form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." § 1746.

Within the affidavit or unsworn declaration, Plaintiff should explain how Defendant was properly served.[1] *See Siegler v. Sorrento Therapeutics*, Inc., No. 3:18-CV-01681-GPC-NLS, 2018 WL 6303728, at *1 (S.D. Cal. Dec. 3, 2018) (noting that any request for a Clerk's entry of default "must, however, contain an affidavit or declaration that the summons and complaint have been *properly served*") (emphasis added). Plaintiff is directed to Federal Rule of Civil Procedure 4, which generally governs service, including how to serve various categories of defendants. One provision that might[2] be applicable here, is Rule 4(h), which explains how to serve "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit

[1] Because "LP" is a common designation for a limited partnership, the Court assumes that Defendant Easiness LP is such an entity.

[2] The Court is not making any ruling in this order that any particular provision of Federal or California law governs service in this case.

under a common name." If served within the United States, such a business entity may be served under Rule 4(h)(1)(B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Alternatively, such a business entity may be served under Rule 4(h)(1)(A), which cross-references Rule 4(e)(1), by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

If Plaintiff intends to pursue service under California state law, he is directed to California's Code of Civil Procedure, beginning at § 413.10. This provision and those that follow describe California's procedures for service generally and address how to serve various categories of defendants. One provision that might be applicable is § 416.40:

> A summons may be served on an unincorporated association (including a partnership) by delivering a copy of the summons and of the complaint:
>
> (a) If the association is a general or limited partnership, to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership[.]

Cal. Civ. Proc. Code § 416.40(a).

Another provision that might be applicable is § 415.20:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).

Whatever method of service Plaintiff deems applicable, Plaintiff should identify, to the best of his ability, the specific provision(s) of law that he relies on, accompanied by argument

explaining how the provision(s) was complied with such that service on John Juarez establishes service on Defendant.

Alternatively, if after reviewing the requirements regarding service of process, Plaintiff concludes that he has not properly served Defendant, Plaintiff may file a motion requesting an extension of time to do so. *See* Fed. R. Civ. P. 4(m) (permitting extension of ninety-day period after filing of complaint to achieve service if a plaintiff shows good cause for the failure to serve a defendant).

Based on the foregoing, IT IS ORDERED as follows:

1. By no later than July 21, 2022, Plaintiff shall file a supplement to his request for a Clerk's entry of default, addressing therein the issues regarding service identified at the June 30, 2022 status conference and in this order; or,
2. Alternatively, by no later than July 21, 2022, Plaintiff shall file a motion seeking an extension of time to serve Defendant.

IT IS SO ORDERED.

Dated: **June 30, 2022**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE