UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>  Plaintiff,<br><br>  v.<br><br>EASINESS LP,<br><br>  Defendant. | Case No. 1:22-cv-00166-DAD-BAK<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BE DENIED<br><br>(ECF No. 37.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER EXTENDING DEADLINE TO SERVE DEFENDANT WITH SUMMONS AND COMPLAINT |

Plaintiff Fernando Gastelum ("Plaintiff") is proceeding pro se in this action against Easiness LP ("Defendant"). (*See* ECF No. 1.) On June 9, 2022, Plaintiff filed a request for entry of default against Defendant. (ECF No. 9.) For the following reasons, the Court recommends that Plaintiff's request be denied.

**I.   BACKGROUND**

Plaintiff filed the complaint on February 8, 2022, violations of the Americans with Disabilities Act and other laws. (ECF No. 1). Generally, Plaintiff asserts that he visited a DoubleTree by Hilton in Bakersfield, California on July 1, 2022. (*Id*. at 1). This business is

1

purportedly owned or operated by Defendant Easiness LP. (*Id*.). While at the DoubleTree, Plaintiff discovered that the premises were uncompliant with various laws. (*Id*.). Plaintiff seeks monetary damages, costs, and an order directing Defendant to comply with applicable laws. (*Id*. at 2-3). (ECF No. 1.)

On February 10, 2022, the Court set an Initial Scheduling Conference for May 26, 2022. (ECF No. 5.) On May 10, 2022, Plaintiff filed an affidavit of non-service describing a process server's unsuccessful attempt to serve Defendant[1] along with a proof of service stating that the summons and complaint were left with "JOHN JUAREZ, MANAGER IN CHARGE" on May 5, 2022. (ECF Nos. 6-7.) Accordingly, the Court continued the Initial Scheduling Conference to June 30, 2022, to allow time for Defendant to file a responsive pleading. (ECF No. 8.)

On June 9, 2022, Plaintiff filed a request for entry of default against Defendant. (ECF No. 9.) The request states:

> Process server served Defendant on May 5, 2022. Dkt at 7. Defendant has not filed its answer or otherwise defended. Plaintiff respectfully requests the entry of default against Defendant.
> I verify that the above is true and correct to the best of my knowledge and information and belief.
> I verify that I placed a copy of this paper into the United States Postal Service receptacle, postage prepaid, and mailed it to Defendant's agent:
> John Juarez, Manager in Charge
> DoubleTree by Hilton
> 3100 Camino Del Rio Court
> Bakersfield, California 93308

(*Id.*) On June 28, 2022, the Court converted the Initial Scheduling Conference to a status conference. (ECF No. 10.)

On June 30, 2022, the Court held a status conference and Plaintiff appeared telephonically. (ECF No. 11.) The Court ordered Plaintiff to file either a supplement to his request for entry of default or a motion seeking an extension of time to serve Defendant by July 21, 2022. (ECF No. 12.)

On July 20, 2022, Plaintiff filed a proof of service stating that the summons and complaint were left with "Than Win, Receptionist." (ECF No. 13.) The process server

---

[1] According to the affidavit of non-service, there was no business named Easiness LP at the address provided. (ECF No. 6.)

states that Than Win "appeared to be in charge at Given Business Location 91765 21725 GATEWAY CENTER DR DIAMOND BAR, CA 91765 at reception desk" and that she "tried to refuse service but confirmed subject would not make himself available to accept. I placed documents in front of her." (*Id.*)

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that: 1) the defendant has been served with the summons or has agreed to waive serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire and Marine Ins. Co.,* 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v. Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").

As explained at the June 30, 2022 status conference, Plaintiff's request for entry of default does not comply with Federal Rule of Civil Procedure 55(a) in that Plaintiff had not submitted an affidavit or unsworn declaration showing that Defendant was properly served and failed to plead or otherwise defend. (*See* ECF No. 12.) The Court gave Plaintiff the option to either supplement his request or seek to correct any issues with service on Defendant. (*See id.*) In light of the summons filed on July 20, 2022, it appears that Plaintiff has elected to serve Defendant again.[2] The Court will therefore recommend that his request for entry of default be denied without prejudice.

///

///

---

[2] The Court notes that Plaintiff was instructed to file a motion for an extension of time to complete service if he determined that Defendant was not properly served, and Plaintiff has not done so. (*See* ECF No. 12.) The Court will extend the deadline to serve through July 8, 2022, the date on Plaintiff's most-recent proof of service. *See* Fed. R. Civ. P. 4(m). (*See also* ECF No. 13.)

### III. RECOMMENDATION AND ORDER

In light of the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for entry of default against Defendant Easiness LP (ECF No. 9) be denied without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS HEREBY ORDERED that the deadline for Plaintiff to serve Defendant with the summons and complaint is extended to July 8, 2022.

IT IS SO ORDERED.

Dated: **July 28, 2022**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE