UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>            Plaintiff,<br><br>    v.<br><br>EASINESS LP,<br><br>            Defendant. | Case No.  1:22-cv-00166-ADA-BAK<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BE DENIED<br><br>(ECF No. 17).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Fernando Gastelum ("Plaintiff") is proceeding *pro se* in this action against Defendant Easiness LP ("Defendant"). (*See* ECF No. 1). On September 2, 2017, Plaintiff filed a request for entry of default against Defendant. (ECF No. 17). For the following reasons, the Court recommends that Plaintiff's request be denied.

**I.      BACKGROUND**

Plaintiff filed the complaint on February 8, 2022, violations of the Americans with Disabilities Act and other laws. (ECF No. 1). Generally, Plaintiff asserts that he visited a DoubleTree by Hilton in Bakersfield, California on July 1, 2022. (*Id*. at 1). This business is purportedly owned or operated by Defendant Easiness LP. (*Id*.) While at the DoubleTree, Plaintiff discovered that the premises were uncompliant with various laws. (*Id*.) Plaintiff seeks monetary damages, costs, and an order directing Defendant to comply with applicable laws. (*Id*. at 2-3).

1

On May 7, 2022, Plaintiff filed proof of service. (ECF No. 7). The proof of service indicated the summons was left with "John Juarez, Manager in charge." (*Id.*) On June 9, 2022, Plaintiff filed a request for entry of default against Defendant. (ECF No. 9). The request states:

> Process server served Defendant on May 5, 2022. Dkt at 7. Defendant has not filed its answer or otherwise defended. Plaintiff respectfully requests the entry of default against Defendant.
> I verify that the above is true and correct to the best of my knowledge and information and belief.
> I verify that I placed a copy of this paper into the United States Postal Service receptacle, postage prepaid, and mailed it to Defendant's agent:
> John Juarez, Manager in Charge
> DoubleTree by Hilton
> 3100 Camino Del Rio Court
> Bakersfield, California 93308

(*Id.*)

On June 30, 2022, the Court held a telephonic status conference. (ECF No. 11). Plaintiff appeared telephonically. (*Id.*) At the conference, the Court identified two deficiencies with Plaintiff's request for entry of default. First, Plaintiff's request was technically deficient because it lacked an affidavit or other supporting declaration as required by Federal Rule of Civil Procedure 55(a). As the Court explained to Plaintiff at the status conference:

> The key part [of Rule 55(a)'s requirement for] an affidavit—because it says "or otherwise" too—is that it needs a declaration that says, "I declare under penalty of perjury the foregoing is true and correct," and then you date and sign it. And then you describe why you think that you are entitled to entry of default, and that's generally [because] you served what was required under the Rules, and there wasn't a response.[1]

Second, Plaintiff's request was substantively deficient as it was not clear from Plaintiff's request that service was proper. As the Court also explained to Plaintiff at the status conference:

> Regarding the service, I think there needs to be more information . . . right now I can't tell if service was proper because you have something from a process sever that says "Juan Juarez, Manager in Charge," who is in charge of a specific DoubleTree . . . But you sued . . . Easiness LP—I don't know from that, and I couldn't say right now, whether you served somebody that was proper to accept service for Easiness LP. I don't know what Easiness LP has to do with DoubleTree. . . and there are a lot of Rules about who could accept [the summons], but I think we have things to work through.

The Court then gave Plaintiff leave to file a supplemental affidavit, in the format required by Rule

---

[1] This quotation was taken from the audio file of the proceeding, which is available to the parties upon request.

2

55(a) as explained by the Court, that would include sufficient information for the Court to determine if service was proper. Specifically, the Court requested that Plaintiff explain the connection between the individual served and how that individual was related to Defendant and also how Defendant related to that particular DoubleTree location. Ideally, the Court offered, such an affidavit would also cite a Federal Rule of Civil Procedure regarding service of summons that Plaintiff believed to be applicable in this situation (i.e., Rule 4(h) which provides for service of corporation, partnership or association in either the manner prescribed within that rule, or in the manner prescribed in Rule 4(e)(1)).

The Court issued an order which provided relevant Federal and California statutes and case law for Plaintiff to reference. (ECF No. 12). Additionally, the Court ordered Plaintiff to file either a supplement to his request for entry of default pursuant to the Court's instructions during the June 30, 2022, status conference, or alternatively, file a motion seeking an extension of time to serve Defendant by July 21, 2022. (*Id.*)

On July 20, 2022, Plaintiff filed a proof of service stating that the summons and complaint were left with "Than Win, Receptionist." (ECF No. 13.) The process server states that Than Win "appeared to be in charge at Given Business Location GATEWAY CENTER DR DIAMOND BAR, CA 91765 at reception desk," and that she "tried to refuse service but confirmed subject would not make himself available to accept. I placed documents in front of her." (*Id.*)

On July 28, 2022, the Court issued findings and recommendations which recommended denying Plaintiff's request for entry of default without prejudice because Plaintiff's request did not comply with Federal Rule of Civil Procedure 55(a) in that Plaintiff had not submitted an affidavit or unsworn declaration showing that Defendant was properly served and failed to plead or otherwise defend. (ECF No. 14 at 3). The Court's findings and recommendations were adopted in full on September 1, 2022. (ECF No. 16).

On September 2, 2022, Plaintiff filed a second request for entry of default against Defendant. (ECF No. 17). The request states:

> Process server served Defendant on July 8, 2022. Dkt at 13. Defendant has not filed its answer or otherwise defended. Plaintiff respectfully requests the entry of default against Defendant.
> I verify that the above is true and correct to the best of my knowledge and information and belief.

3

> I verify that I placed a copy of this paper into the United States Postal Service receptacle, postage prepaid, and mailed it to Defendant's agent:
> David Wei and Than Win
> Easiness, LP
> 21725 Gateway Center Drive
> Diamond Bar, CA 91765

(*Id.*)

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that: 1) the defendant has been served with the summons or has agreed to waive serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire and Marine Ins. Co.,* 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v. Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").

Federal Rule of Civil Procedure 4 governs service of summons. Unless federal law provides otherwise, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served in a judicial district of the United States by delivering copies of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and, if the agent is one authorized by statute and the statute so requires, by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h). Alternatively, a business entity may be served under Rule 4(h)(1)(A), which cross-references Rule 4(e)(1), and provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Finally, 28 U.S.C. § 1746 governs the form of an unsworn declaration made in writing to support, evidence, establish or prove a "sworn declaration, verification, certificate, statement,

oath, or affidavit." Specifically, an unsworn declaration made within the United States must substantially comply with the following:

> "I declare (or certify, verify, or state) **under penalty of perjury** that the foregoing is true and correct. Executed on (date). (Signature)".

28 U.S.C. § 1746(2) (emphasis added). In order to substantially comply with the verification requirements of 28 U.S.C. § 1746, an unsworn declaration must contain the phrase "under the penalty of perjury" and state that the document is true. *See Kersting v. United States*, 865 F.Supp. 669, 676 (D. Haw. 1994).

### III. DISCUSSION

As explained in the Court's previous findings and recommendations, Federal Rule of Civil Procedure 55(a) requires a request for entry of default to be accompanied by an affidavit or unsworn declaration showing that Defendant was properly served and failed to plead or otherwise defend. (*See* ECF No. 14 at 3). Plaintiff's request for entry of default does not comply with Federal Rule of Civil Procedure 55(a) in the following ways.

First, Plaintiff's request is technically deficient. Plaintiff has not submitted an affidavit or unsworn declaration in the format required by Rule 55(a). While Plaintiff verifies that the statements regarding proper service of Defendant as set forth in the request are true, Plaintiff's statements are not made under the penalty of perjury.

Second, Plaintiff's request is substantively deficient. Plaintiff has not provided sufficient information for the Court to determine if service was proper under either Federal or California rules. Specifically, the Court cannot determine if the individual identified in the proof of service filed on July 20, 2022, was authorized to accept service on behalf of Defendant. (*See* ECF No. 12). Further, Plaintiff's request identifies a second individual as a potential agent of Defendant without providing additional information as to that individuals connection to Defendant. (*See* ECF No. 17). Based on the information provided, the connection between the individual served and Defendant, and whether that individual is authorized to accept service on behalf of Defendant, is unknown. Thus, the Court cannot determine whether Defendant was properly served as required by Federal Rule 55(a).

For the reasons stated, the Court will therefore recommend that Plaintiff's request for

entry of default be denied without prejudice.

## IV. RECOMMENDATION AND ORDER

In light of the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for entry of default against Defendant Easiness LP (ECF No. 17) be denied without prejudice.

However, given that this is Plaintiff's second request for entry of default, and that Plaintiff has not followed the directions provided to him in previous orders as well as during the status conference, the Court recommends only providing Plaintiff with one more opportunity to request for an entry of default judgment. If Plaintiff fails to properly serve Defendant Easiness by October 31, 2022, or files a third deficient request for entry of default judgment, the Court will recommend dismissing this case without prejudice to refiling another action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2022**          /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

6