UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| FERNANDO GASTELUM, | Case No. 1:22-cv-00166-ADA-CDB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROPERLY SERVE DEFENDANT, FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| EASINESS LP, | |
| Defendant. | OBJECTIONS, IF ANY, ARE DUE WITHIN TWENTY-ONE DAYS. |
| | (ECF No. 20) |

**Background and Procedural History**

Plaintiff Fernando Gastelum ("Plaintiff") proceeding *pro se* initiated this action against Defendant Easiness LP ("Defendant") on February 8, 2022. (ECF No. 1). On February 10, 2022, the Court set an initial scheduling conference for May 26, 2022, and advised Plaintiff he "shall diligently pursue service of summons and complaint…" (ECF No. 5).

On May 10, 2022, Plaintiff filed an affidavit of non-service describing a process server's unsuccessful attempt to serve Defendant along with a proof of service stating that the summons and complaint were left with "JOHN JUAREZ, MANAGER IN CHARGE" on May 5, 2022. (ECF Nos. 6-7). On May 18, 2022, the Court continued the initial scheduling conference to June 30, 2022, to allow time for Defendant to file a responsive pleading. (ECF No. 8). On June 9, 2022, Plaintiff filed

1

an application for entry of default claiming Defendant had not filed its answer or otherwise defended against his complaint. (ECF No. 9). According to the application, Defendant mailed this filing to "John Juarez, Manager in Charge." *Id*.

On June 27, 2022, the Court converted the June 30, 2022, initial scheduling conference into a status conference. (ECF No. 10). That day, the Court held a status conference and Plaintiff appeared telephonically. (ECF No. 11). The Court noted Plaintiff's request for entry of default judgment did not comply with Federal Rule of Civil Procedure 55(a) in that Plaintiff had not submitted an affidavit or unsworn declaration showing that Defendant was properly served and failed to plead or otherwise defend. (ECF No. 12). The Court ordered Plaintiff by no later than July 21, 2022, to file a supplement to his request for a Clerk's entry of default, addressing the issues regarding service identified during the June 30, 2022, status conference, or to file a motion seeking an extension of time to serve Defendant. *Id*. at 4.

On July 20, 2022, Plaintiff filed a proof of service stating that the summons and complaint were left with "Than Win, Receptionist." (ECF No. 13). Plaintiff's process service noted that Than Win "appeared to be in charge at Given Business Location 91765 21725 GATEWAY CENTER DR DIAMOND BAR, CA 91765 at reception desk" and that she "tried to refuse service but confirmed subject would not make himself available to accept." *Id.* at 1.

On July 28, 2022, the Court issued findings and recommendations recommending that Plaintiff's application for an entry of default be denied without prejudice as Plaintiff's request did not comply with Federal Rule of Civil Procedure 55(a). (ECF No. 14). Further, the Court recognized Plaintiff had elected to serve Defendant again making his request ostensibly moot. *Id*. at 3. Plaintiff did not file objections to the Court's findings and recommendations. On September 1, 2022, the Honorable District Judge Ana de Alba issued an order adopting in full the Court's findings and recommendations. (ECF No. 16).

The next day, Plaintiff filed a second request for entry of default. (ECF No. 17). Plaintiff's second request noted a process server served Defendant on July 8, 2022, and Defendant had not filed its answer or otherwise defended. *Id*. On October 3, 2022, the Court issued findings and recommendations recommending that Plaintiff's second request for entry of default be denied. (ECF

No. 18). The Court again noted Plaintiff's request for entry of default did not comply with Federal Rule of Civil Procedure 55(a). *Id.* at 5. The Court found Plaintiff's request was technically deficient as he failed to submit an affidavit or unsworn declaration. *Id.* Additionally, the Court determined Plaintiff's request was substantively deficient as he failed to provide sufficient information for the Court to determine if service was proper under either Federal or California rules. *Id.* The Court recommended dismissing this case without prejudice to refiling another action if Plaintiff failed to properly serve Defendant by October 31, 2022, or filed a third deficient request for entry of default judgment. *Id.* at 6. Plaintiff did not file objections to the Court's findings and recommendation.

On December 7, 2022, District Judge de Alba issued an order adopting in part the Court's findings and recommendations. (ECF No. 20). District Judge de Alba denied without prejudice Plaintiff's second request for entry of default judgment and ordered Plaintiff to properly serve Defendant by December 14, 2022. *Id.* at 2. District Judge de Alba noted if Plaintiff filed a third deficient request for entry of default judgment or failed to properly serve Defendant, the action would be dismissed without prejudice. Plaintiff has not filed any response or otherwise indicated an intention to prosecute this case.

Accordingly, for the reasons described below, the Court recommends that Plaintiff's case be dismissed without prejudice for failure to properly serve Defendant, failure to comply with a court order, and failure to prosecute.

**Discussion**

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Here, well over 90 days have passed. Plaintiff filed the complaint against Defendant on February 8, 2022. (ECF No. 1). The Court provided Plaintiff multiple extensions of time to properly serve Defendant. (ECF Nos. 12, 16, 20); *see Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013)

(the district court may extend the time for service upon a showing of excusable neglect). The Court even provided Plaintiff instructions on how to pursue service under federal and California state law. (ECF No. 12). However, Plaintiff failed to file proof of service on Defendant in compliance with Rule 4. Fed. R. Civ. P. 4(m). Thus, the Court will recommend dismissal of Plaintiff's complaint for failure to effectuate service.

In addition, Plaintiff's complaint also will be dismissed for failure to follow District Judge de Alba's order of December 7, 2022, and failure for to prosecute this case. (ECF No. 20). Courts weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). These factors are "not a series of conditions precedent before the judge can do anything," but for a judge to think about what to do. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff was provided instruction and over ten months to serve Defendant. District Judge de Alba ordered Plaintiff to "properly serve Defendant by December 14, 2022." (ECF No. 20). Plaintiff has failed to respond to the December 7, 2022, order. This action can proceed no further without Plaintiff's compliance and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action. Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.... It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik*

4

*v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Here, Plaintiff has failed to respond to the Court's December 7, 2022, Order. (ECF No. 7). The Court is experiencing an ongoing judicial emergency and heavy caseload. Plaintiff has demonstrating a pattern of failing to comply with the Court's order directing compliance with the Federal Rules of Civil Procedure. (ECF Nos. 12, 14, 18, 20); *see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds). Plaintiff's failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, a defendant suffers prejudice if a plaintiff's actions impair a defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Plaintiff's failure to comply with a court order and to prosecute this case imposes sufficient prejudice upon Defendant. Therefore, the third factor weighs in favor of dismissal.

Next, because public policy favors disposition of cases on the merits, this factor weighs against dismissal of Plaintiff's case. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (the public policy favoring disposition of cases on their merits counsels strongly against dismissal). However, on balance, the Court finds the public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal. It was Plaintiff's responsibility to serve the summons, and complaint upon Defendant and thereafter to file proof of service. Despite being ordered to effectuate service and the Court granting Plaintiff opportunities to do so, Plaintiff has not complied. This action cannot remain idle on the Court's docket, unprosecuted. Accordingly, this factor does not outweigh Plaintiff's failures to effectuate service, failure to comply with the Court's order, and failure to prosecute this case.

Lastly, the availability of less drastic sanctions weighs in favor of dismissal. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). At this stage in the proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction while

protecting the Court from further unnecessary expenditures of its scarce resources.  Additionally, the Court only recommends dismissal without prejudice.  Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

**Conclusion and Recommendations**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to properly serve Defendant, failure to prosecute and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 19, 2022**

UNITED STATES MAGISTRATE JUDGE